SUMMARY ORDER
Plaintiff-appellant John Brunell appeals from a judgment entered July 28, 2008, dismissing his complaint for failure to state a claim upon which relief can be granted. We assume the parties’ familiarity with the facts, procedural history, and issues on appeal, and include only those facts necessary to understand our decision.
According to the amended complaint, Brunell became the appointed Democratic Party Election Commissioner for Clinton County in January 2005. He had been the appointed, part-time Tax Assessor for the Town of Atona since 1989. On August 23, 2007, at about 9:30 a.m., Brunell received a call from defendant Rodney Brown, the Assistant County Administrator, asking Brunell to come to his office. Defendants Rodney Brown and Aan Gibson, the County Personnel Director, gave Brunell a letter from the County Attorney, demanded Brunell’s keys, and escorted Brunell out of the building. Brown told Brunell that he was not allowed back into his office unless he resigned from his position as Assessor for the Town of Atona, and he made it clear that Brunell was terminated as Election Commissioner unless he resigned from the Assessor job. “Plaintiff was unequivocally removed from the Election Office against his will by defendants.... His job was terminated by the Defendants.” Am. Compl. ¶¶21, 24. Ater consulting *369 with his attorney, Brunell resigned from his job as Tax Assessor for the Town of Altona. He was then permitted to return to work as Election Commissioner on August 24, 2007.
“We review the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) de novo, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff’s favor.” Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.2008) (internal quotation marks omitted). In order to survive a motion to dismiss, the complaint must allege facts sufficient “ 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.’” Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Finally, “we may affirm the judgment of the district court on any ground appearing in the record ” Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 n. 3 (2d Cir.2009) (internal quotation marks omitted).
With these standards in mind, we hold that plaintiffs first claim, for denial of procedural due process of law in violation of 42 U.S.C. § 1983, was properly dismissed. When considering a procedural due process claim under § 1983, we first ask “whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes.” Green v. Bauvi, 46 F.3d 189, 194 (2d Cir.1995). “While property interests are constitutionally protected, they are not generally constitutionally established; rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....” Velez v. Levy, 401 F.3d 75, 85 (2d Cir.2005) (internal quotation marks omitted). Thus, in order to have had a property interest in his position as Election Commissioner for Clinton County, Brunell must have had “a legitimate claim of entitlement to it.” Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir.2002) (internal quotation marks omitted).
Yet New York State Law specifically forbade Brunell from holding the Election Commissioner position. Under New York Election Law § 3-200:
4. No person shall be appointed as election commissioner or continue to hold office ... who holds any other public office, except that of commissioner of deeds, notary public, village officer, city or town justice, member of a community board within the city of New York or trustee or officer of a school district outside of a city.
N.Y. Elec. Law § 3-200(4) (emphasis added). Brunell’s position as the appointed, part-time Tax Assessor for the Town of Altona is another “public office” and does not fit within any of the enumerated exceptions in § 3-200(4). See 1988 N.Y. Op. (Inf.) Att’y Gen. 5, 1988 N.Y. AG Lexis 5 (finding that under § 3-200(4), a county Election Commissioner may not also serve as a Town Assessor for a town located within the county as the position of Town Assessor is a public office not within any of the exceptions listed in § 3-200(4)); N.Y. Real Prop. Tax Law § 310 (referring to the “office” of Assessor, whether elected or appointed); O'Malley v. Macejka, 44 N.Y.2d 530, 406 N.Y.S.2d 725, 378 N.E.2d 88, 89 (1978) (referring to the “appointive position of Assessor in the Town of Rotterdam” as a “public office[ ]”). Because Bru-nell had no legitimate claim of entitlement to his position as Election Commissioner for Clinton County while he also held the public office of Tax Assessor for the Town of Altona, his procedural due process claim was properly dismissed.
Brunell’s first claim also alleges that “[djefendants have acted against Mr. Bru- *370 nell as retaliation for his lawful actions as Election Commissioner,” Am. Compl. ¶ 54, presumably referring to Brunell’s decision to terminate the employment of the Democratic party Deputy Elections Commissioner for cause. Even if this is sufficient to infer pleading of a First Amendment retaliation claim, any such claim fails, as plaintiff has not alleged that he engaged in any constitutionally protected activity.
To state a claim for First Amendment retaliation under § 1983, a plaintiff must allege that: “(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him.” Morris v. Lindau, 196 F.3d 102, 110 (2d Cir.1999).
Even if terminating an employee could be construed as speech, “when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.” Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Brunell does not allege that in terminating his deputy for cause, he was acting not pursuant to his official duties as Clinton County Election Commissioner, but rather as a private citizen. Therefore, any retaliation claim fails.
Finally, Brunell’s request for a declaratory judgment “that only the Governor of New York has the right to remove an Election Commissioner from office for alleged violations of Election Law § 3-200(4),” Am. Compl. ¶ 61, is moot.
In order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time the complaint was filed. In general, if an event occurs while an appeal is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost. However, when an appellant retains an interest in a case so that a favorable outcome could redound in its favor, the case is not moot.
In re Flanagan, 503 F.3d 171, 178 (2d Cir.2007) (citations omitted). Brunell recently retired from his position as Election Commissioner. Therefore, it is now “impossible for the court to grant any form of effectual relief’ with regards to the declaratory judgment claim, as Brunell no longer has any interest in who can remove an Election Commissioner for alleged violations of Election Law § 3-200(4).
For the foregoing reasons, the judgment of the district court is AFFIRMED.